**PYRAMID DERRICK & EQUIPMENT CO., Appellant,**

v.

**Elzie Ray MASON, Appellee.**

No. 8640.

Court of Civil Appeals of Texas, Beaumont.

April 30, 1981.

Rehearing Denied May 21, 1981.

---

Dale Dowell, Beaumont, for appellant.

W. W. Watkins, Jed Robinson, Houston, W. E. Townsley, Cheryl Morgan, Beaumont, for appellee.

KEITH, Justice.

This appeal involves questions of indemnity and contribution between defendants, both of whom were found guilty of common law negligence, with the damages being apportioned by the jury, but where the jury found only one of the defendants to be strictly liable in tort for plaintiff's damages.

Our opinion upon a prior appeal is now reported as *Mason v. Pyramid Derrick & Equipment Co.*, 597 S.W.2d 490 (Tex.Civ. App.—Beaumont 1980, writ ref'd n. r. e.), to which we refer for further factual details.

■ In the hearings below following remand, it was shown that after the entry of the judgment Stewart & Stevenson settled with the plaintiff and Aetna, the subrogated compensation carrier. Stewart & Stevenson paid Mason $125,000.00 on his judgment of $294,684.70, and it completely satisfied Aetna's judgment. Stewart & Stevenson also assigned all of its rights to Mason and he agreed to hold Stewart & Stevenson harmless of and from any claims against it by Pyramid.

In our earlier opinion, we noted that the jury found both defendants guilty of common law negligence proximately causing Mason's damage, and fixed the percentage of causation at 60% against Stewart & Stevenson, and 40% against Pyramid. The jury also found Stewart & Stevenson, but not Pyramid, strictly liable in tort for Mason's damages, with the causation fixed at 100% to 0%.

At the conclusion of the hearing following remand, the trial court overruled the motions of Pyramid and entered judgment in favor of Mason against Pyramid in the amount of $117,873.88, with interest thereon from the date of the original judgment, April 27, 1979, until paid. The claims for contribution and indemnity were denied and Pyramid appeals on two points of error.

Pyramid argues that the trial court failed to apportion liability between the two tortfeasors "in conformity with the comparative fault findings rendered by the jury . . . ." We disagree. Pyramid was as-

sessed 40% of the total liability to Mason in accordance with the jury apportionment. The trial court did not follow Pyramid's theory, as expressed in its brief:

"The basis of Pyramid's motion for judgment was that since the jury found that of the total fault committed by Pyramid and Stewart & Stevenson bringing about Mason's accident, only 20% of said total fault was that of Pyramid. *Ergo*, Pyramid should be obligated to pay Mason only 20% of the damages he sustained in the accident in view of Stewart & Stevenson's settlement of Mason's judgment . . . ."

Pyramid makes a persuasive argument that we, as an intermediate court, should fashion a mechanism so that contribution between two tortfeasors—one liable at common law, the other under the doctrine of strict liability in tort—could be achieved. We decline the invitation to engage in such judicial legislation.

We are forced into this position by language used in *General Motors Corp. v. Simmons*, 558 S.W.2d 855, 862 (Tex.1977), wherein the Court wrote:

"The present state of the statutory law permits apportioning contribution upon comparisons of negligent conduct among negligent tortfeasors. It does not provide any mechanism for comparing the causative fault or percentage causation of a strictly liable manufacturer with the negligent conduct of a negligent co-defendant."

■ Contribution among joint tortfeasors did not exist at the common law and such doctrine is applicable in Texas only because of statutes enacted by the Legislature. *Austin Road Co. v. Pope*, 147 Tex. 430, 216 S.W.2d 563, 564–565 (1949); *Lubbock Mfg. Co. v. Perez*, 591 S.W.2d 907, 922 (Tex.Civ. App.—Waco 1979, no writ); *Foster v. Ford Motor Co.*, 616 F.2d 1304, 1308 (5th Cir. 1980).

As noted by our Supreme Court in *Simmons*, supra, the Legislature "has preempted the allocation of liability among negligent tortfeasors controlled by that statute." (558 S.W.2d at 862) The precise deficiency in the statutes governing our problem was called to the attention of the Legislature in *Simmons*. No amendments to the contribution statutes having been adopted, we are without authority to supply the void by judicial legislation. As said in *Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182, 187 (Tex.1968):

"We have not yet adopted the theory that the Legislature's non-action authorizes judicial action in legislative matters."

Pyramid's first point of error raising the contribution question is overruled.

■ Nor do we find merit in Pyramid's second point of error wherein it contends that it was entitled to complete indemnity against Stewart & Stevenson. As we noted on the prior appeal, Pyramid's employees on the scene while the derrick was being rigged "were far from observers"; and both defendants were convicted of negligence with the damages being apportioned. The contentions now advanced were considered and found to be without merit in *B & B Auto Supply v. Central Freight Lines, Inc.*, 603 S.W.2d 814, 816–817 (Tex.1980).

We do not permit a resurrection of the old choice of total victory and total defeat buried by the decision in *B & B*, supra. Point two is overruled.

The judgment of the trial court is Affirmed.