**In re Norval MARTIN and
Linda Martin.**

**No. 09–04–073 CV.**

Court of Appeals of Texas,
Beaumont.

Submitted March 11, 2004.

Decided May 13, 2004.

Gilbert T. Adams, Jr., Law Office of Gilbert T. Adams, PC, Beaumont, for real party in interest.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

By a petition for writ of mandamus, Norval Martin and Linda Martin complain of the trial court's order striking their third-party petition. The litigation stems from the tragic death of the young son of real party in interest, Aimee Tiedemann Bigham. The child drowned in the Martins' swimming pool. Bigham sued the Martins. The Martins moved for leave to file a third-party petition joining the person responsible for supervising the child. The trial court initially granted the Martins' motion. Bigham filed a motion requesting the trial court reconsider. The trial judge granted Bigham's motion and struck the third-party petition.

The Martins contend the trial court abused its discretion in denying permission to join a responsible third party to the lawsuit. They say a writ of mandamus is appropriate because they have no adequate remedy at law. Bigham responds that the Martins' motion for leave was untimely, because it was not filed within thirty days following service of their original answer. *See* Tex.R. Civ. P. 38. Secondly, she argues there was no abuse of discretion by the trial court in striking the Martins' third-party petition, because the person sought to be joined, Raymond Tiedemann, was not a "responsible third-party" as that term was defined in the applicable version of section 33.011(6)(A) of the Civil Practices and Remedies Code.[1] She says

Mark Fierro, Evans & Co., Houston, for relator.

---

1. Bigham filed the lawsuit on August 6, 2002. The version of Chapter 33 of the Texas Civil Procedure and Remedies Code in effect at the time of the child's death is found in the Act of May 8, 1995, 74th Leg., R.S., ch. 136, § 1, secs. 33.001–33.017, 1995 Tex. Gen. Laws 971, 972–75 (amended 2003)(current version at Tex. Civ. Prac. & Rem.Code Ann. §§ 33.001–

Tiedemann, an uncle of the child, owed no duty of care and is immune from liability.

On the day of the tragedy, July 10, 2002, Tiedemann was responsible for supervising the child. The child wandered away, fell into the Martins' swimming pool, and drowned. Bigham characterizes Tiedemann's status on the day in question as "gratuitously supervising the minor child," and describes him as a "gratuitous babysitter." She cites the doctrines of *in loco parentis* and parental immunity, and argues that as a matter of law Tiedemann cannot be held liable for negligence in taking care of the child.

 *In loco parentis* means in the place of a parent, and generally refers to a person in the role of a parent who assumes the obligations incident to the parental relationship, though without the formality of a legal adoption; the phrase describes an assumption of parental status and a discharge of parental duties. *See McGee v. McGee*, 936 S.W.2d 360, 369 n. 2 (Tex. App.-Waco 1996, writ denied) (opinion on rehearing). The relationship status may arise when a parent is unable or unwilling to care for the child and a non-parent assumes the duties and responsibilities of the parent. *See Coons–Andersen v. Andersen*, 104 S.W.3d 630, 635 (Tex.App.-Dallas 2003, no pet.). In *McGee*, the court extended parental immunity to a stepparent held to be *in loco parentis*. The biological father died two months before the child was born, and the mother testified the stepparent was the only father figure the child had known. *McGee*, 936 S.W.2d at 370. But the court acknowledged: "We struggled with the question of when a stepparent might be protected by parental immunity, because we understand that not

every stepparent stands *in loco parentis* with every stepchild." *Id.* at 369.

Here, it is not apparent how an uncle temporarily supervising a child under the circumstances would fit the meaning of *in loco parentis* or be protected by parental immunity. Nor is it apparent on this record how an uncle alleged to be responsible for a three-year old child, with the right to control the child, could be said to owe no duty of care in exercising that responsibility and control. These specific arguments do not appear to have been asserted below or considered by the trial court, nor do they justify the order. Bigham argued to the trial court that the Martins' third-party claim is frivolous, but we see nothing supporting that assertion.

Bigham also argues the Martins' "violation" of Rule 38 defeats their attempt to file their third-party petition. Rule 38 reads in part as follows:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a citation and petition to be served upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party petition not later than thirty (30) days after he serves his original answer. Otherwise, he must obtain leave on motion upon notice to all parties to the action.... Any party may move to strike the third-party claim, or for its severance or separate trial.

The Martins admit their attempt to bring Tiedemann into the lawsuit was made more than thirty days after their original answer was served.

33.017 (Vernon 1997 & Supp.2004)). All references to Chapter 33 in this opinion are to

the prior version of the Act.

Rule 38 does not preclude a defendant from filing and serving a third-party petition more than thirty days after the original answer is served, but the rule does require leave from the trial court at that time. Generally, Rule 37 provides that, so long as additional parties are not brought in "at a time nor in a manner to unreasonably delay the trial of the case," a party is permitted to bring into the lawsuit additional parties upon such terms as the trial court may prescribe. *See* TEX.R. CIV. P. 37; *Valley Indus., Inc. v. Martin,* 733 S.W.2d 720, 721 (Tex.App.-Dallas 1987, orig. proceeding). A trial court ordinarily has discretion regarding joinder of third parties. *See* TEX.R. CIV. P. 38. See also the applicable version of TEX. CIV. PRAC. & REM.CODE ANN. § 33.004 requiring timely motion to join responsible third party.

■ "Joinder rests on the concept of judicial efficiency and the policy of providing full and adequate relief to the parties." *See In re Arthur Andersen LLP,* 121 S.W.3d 471, 483 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding). A trial court's decision on joinder should be based on practical considerations with regards to what is fair and orderly. *Id.* While the trial court may consider whether the joinder will delay trial of the cause, the appropriate consideration is whether the delay would be reasonable under the circumstances of the lawsuit, not simply whether a delay will occur. *Id.* And there are occasions in which joinder of certain persons is required if feasible. Rule 39 provides that a person who is subject to service of process "shall" be joined as a party under certain circumstances, including if "in his absence complete relief cannot be accorded among those already parties." *See* TEX.R. CIV. P. 39.

■ In the petition for writ of mandamus and the response, the following events are cited: Bigham's original petition against the Martins was filed August 6, 2002; the Martins answered the lawsuit on September 4, 2002; the Martins' leave to file third-party petition was filed January 24, 2003, and initially granted March 6, 2003; and Bigham filed her motion to reconsider on March 11, 2003, which was granted on March 19, 2003. Neither party says whether a trial date was set.

On this record, we do not see how unreasonable delay or expense would result from permitting the Martins to join Tiedemann to the lawsuit as a third-party defendant. Generally when feasible, considerations of efficiency and consistency alone suggest the liability of all responsible parties should be determined in one lawsuit, with one jury considering the appropriate percentage of responsibility for each party's conduct. *See, e.g., Jones v. Ray,* 886 S.W.2d 817, 822–23 (Tex.App.-Houston [1st Dist.] 1994, orig. proceeding); *Ryland Group, Inc. v. White,* 723 S.W.2d 160, 163 (Tex.App.-Houston [1st Dist.] 1986, orig. proceeding). We see no reason for the trial court to deny the joinder here.

■ While mandamus is appropriate to correct a clear abuse of discretion by a trial court, mandamus will issue only if it is shown that the relator has no adequate remedy at law. *Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629 (Tex. 1996). We are concerned principally with two questions in addressing the adequacy of a legal remedy here: whether the Martins could pursue a separate post-judgment contribution claim against Tiedemann, or instead must present the claim in this lawsuit; and, considering the effect of a delay, whether they could pursue a contribution claim when limitations eventually bars a claim by Bigham against Tiedemann.

■ We consider the limitations question first. Appeal is an inadequate

remedy if the passage of time will bar the claim before appeal becomes available. Generally, contribution is not recoverable from a party against whom the injured party has no cause of action. *See Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 553 (Tex.1981). However, a suit for contribution may be brought and considered timely even if the original plaintiff's lawsuit against the contribution defendant would be barred by limitations. *City of San Antonio v. Talerico*, 98 Tex. 151, 81 S.W. 518, 520 (1904); *see Conroe Truck & Tractor, Inc. v. Childs Truck Equip., Inc.*, 723 S.W.2d 207, 208–09 (Tex.App.-Beaumont 1986, writ ref'd n.r.e.); *see also Goose Creek Consol. Indep. Sch. Dist. v. Jarrar's Plumbing, Inc.*, 74 S.W.3d 486, 492 (Tex.App.-Texarkana 2002, pet. denied); *Koonce v. Quaker Safety Products & Mfg. Co.*, 798 F.2d 700, 705–15 (5th Cir.1986). This accrual rule applies despite the derivative nature of the claim for contribution. *See Conroe Truck & Tractor, Inc.*, 723 S.W.2d at 208–09. The Martins will not know until liability is established whether they will owe a judgment and so have an injury on which a claim against Tiedemann might be based. It is at that time limitations would start to run on their contribution claim.

■ However, Chapter 33 by its terms may nevertheless preclude pursuit of a defendant's untimely third-party petition in the primary lawsuit if limitations would bar the plaintiff's claim. In Texas, a claim for contribution from a joint tortfeasor is a statutory creation. *See Pyramid Derrick and Equipment Co. v. Mason*, 617 S.W.2d 727, 729 (Tex.Civ.App.-Beaumont 1981, writ ref'd n.r.e.) ("Contribution among joint tortfeasors did not exist at the common law and such doctrine is applicable in Texas only because of statutes enacted by the Legislature."). Prior section 33.004 of the Civil Practices and Remedies Code,

applicable here, provides that a defendant may, on timely motion, but before the expiration of limitations on the claimant's claim for damages, seek to join a responsible third party not sued by claimant. Even if the claimant's action against the responsible third party would be barred by limitations, the defendant may still file his third-party claim in the primary lawsuit, provided the claim is filed on or before thirty days after the date the defendant's answer is due. We do not see this provision as modifying the accrual date for contribution claims. Rather, we view the provision simply as limiting the time the claims can be asserted in the primary lawsuit.

Here, however, the Martins filed their third-party petition timely under section 33.004, though the third-party claim was struck by the trial court. Any trial court error in striking the pleading can be corrected on appeal. Given the circumstances in this case, we conclude prior section 33.004(a) would permit pursuit of the Martins' third-party claim in this lawsuit after an appeal, though section 33.004 and limitations may, at that time, preclude Bigham's claim against Tiedemann.

■ In determining the adequacy of the legal remedy, we also consider whether the Martins' contribution claim must be asserted in this lawsuit or not at all. If it must be asserted in this lawsuit, the trial court would likely have little discretion to deny joinder. Striking a contribution claim against a joint tortfeasor required by law to be asserted in this lawsuit would seem clearly wrong, and would result in a waste of judicial resources. Prevention of clear and certain waste of judicial resources is a proper consideration in granting a writ of mandamus. *See In re Arthur Andersen*, 121 S.W.3d at 486. And one court has held that "Chapter 33 does not permit a tortfeasor to seek post-judgment contribution from a tortfeasor that was not

a party to the judgment." *Casa Ford, Inc. v. Ford Motor Co.*, 951 S.W.2d 865, 876 (Tex.App.-Texarkana 1997, pet denied). That holding indicates the Martins' contribution claim must be heard in this lawsuit or not at all.

■ However, we respectfully disagree with the assertion that Chapter 33 precludes a post-judgment contribution claim against a joint tortfeasor that is not made a party to the primary lawsuit. Prior section 33.016(b) provides:

Each liable defendant is entitled to contribution from each person who is not a settling person and who is liable to the claimant for a percentage of responsibility but from whom the claimant seeks no relief at the time of submission. A party *may* assert this contribution right against any such person as a contribution defendant in the claimant's action.

(emphasis added). The provision does not say that the claim *must* or *shall* be brought in the claimant's action. The use of the word "may" in the statute suggests the contribution claimant has discretion to assert the contribution right in the primary lawsuit. *See generally* Tex. Gov't Code Ann. § 311.016(1) (Vernon 1998). And prior section 33.004, the section permitting timely joinder of a responsible third party not sued by claimant, provides in part that "[n]othing in this section shall affect the third-party practice as previously recognized in the rules and statutes of this state with regard to the assertion by a defendant of rights to contribution or indemnity." [2] For various reasons, joinder of every joint tortfeasor in the primary lawsuit may not be possible or even desirable in the view of the parties or of the court. We see nothing in the applicable provisions of Chapter 33 requiring that a

contribution claim be asserted in the primary lawsuit, or precluding a post-judgment contribution claim against a joint tortfeasor who was not a party to the primary lawsuit.

Another court has said the issue of whether a separate contribution lawsuit may be filed is not settled, and a party would have to "gamble on how a court considering a later contribution action might rule on the issue." *In re Arthur Andersen*, 121 S.W.3d at 485. The *Andersen* court reasoned that, even if a separate lawsuit against a third party could be prosecuted, the defendant should not be denied the right to have one jury apportion liability. *Id.* at 485–86. Given the potential waste of resources, combined with the possibility the defendant may not be able to prosecute a separate lawsuit or successfully appeal, the court concluded the defendant in that case had no adequate remedy at law, and granted mandamus relief compelling the trial court to permit joinder of third parties. *Id.*

In certain circumstances, as in *Andersen*, an appeal may be an inadequate legal remedy, but we conclude the complaint in this case can be addressed on appeal and a new trial ordered if necessary. As the *Andersen* court said, "The additional expense and effort of preparing for and participating in two separate trials does not, standing alone, justify mandamus relief." *Id.* at 486. Even without a new trial in this case, a separate post-judgment lawsuit for contribution is an available remedy.

The Supreme Court's reasoning in *Ingersoll–Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 208 (Tex.1999), dealing with a contractual indemnity claim, provides some additional guidance here, although the Court did not address the

---

2. With minor changes, this provision remains in the current statute. *See* Tex. Civ. Prac. & Rem.Code § 33.004(b) (Vernon Supp.2004).

## 460

questions we decide. The Supreme Court in *Valero* stated, "In a suit for either contribution or indemnity the injury upon which suit might be based does not arise until some liability is established. In this case, as in a contribution claim against a joint tort-feasor, liability could not have been established until judgment was rendered." *Id.*

Though the Martins have attempted properly to join Tiedemann as an alleged responsible third-party defendant in this lawsuit within the statute of limitations applicable to Bigham's claim, substantial delay in the final resolution of their claim may result from requiring a second trial to determine Tiedemann's responsibility. A second trial also will impose additional expense, and will likely occur after limitations would bar a claim by Bigham against Tiedemann. However, these considerations without more do not make the legal remedy inadequate. *See generally Walker v. Packer*, 827 S.W.2d 833, 842 (Tex.1992) (an appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ); *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 60 (Tex.1991). The injury on which the contribution claim against Tiedemann might be based will not arise unless and until liability is established against the Martins. No contribution claim may be necessary, but if the Martins' liability is established by the trial court, the error asserted here may be raised on appeal and a new trial requested.

A writ of mandamus is an extraordinary writ which is not available if an adequate legal remedy exists. Because the Martins have an adequate legal remedy, the petition for writ of mandamus must be denied.

WRIT DENIED.