

**NUMBER 13-09-00128-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE SDI INDUSTRIES, INC.**

**On Petition for Writ of Mandamus**

**MEMORANDUM OPINION**

**Before Justices Yañez, Rodriguez, and Benavides**
**Per Curiam Memorandum Opinion[1]**

Relator, SDI Industries, Inc., filed a petition for writ of mandamus and motion for immediate temporary relief in the above cause on March 12, 2009.  That same day, the real party in interest, Sandra Ayala, individually and as representative of the estate of Juan Carlos Ayala, incompetent, and as next friend of Kristy Lamar Ayala and Juan Carlos Ayala, Jr., a minor, filed an emergency response to the motion for immediate temporary relief.  On March 13, the Court ordered the motion for immediate temporary relief to be

---

[1]  *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

carried with the case pending further order of this Court, and further requested that the real party in interest file a response to relators' petition for writ of mandamus. Such response has been duly filed.

Through this original proceeding, relator asks this Court to order the trial court to: (1) vacate its order striking SDI's expert designations and allow SDI's designation of expert witnesses pursuant to the terms of the parties' Rule 11 agreement; and (2) vacate its order refusing to permit the designation of responsible third parties and grant SDI leave to designate responsible third parties. For the reasons stated herein, we deny the petition for writ of mandamus.

## II. Standard of Review

Mandamus is an extraordinary remedy, which is available only when a trial court has clearly abused its discretion and the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)); *see also In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding).

## III. Designation of Responsible Third Parties

We first address the trial court's alleged abuse of discretion in failing to allow relator to designate responsible third parties. The circumstances presented herein are neither exceptional nor extraordinary and the benefits to mandamus review are outweighed by the detriments. In other words, relator has failed to establish that it lacks an adequate remedy by appeal. *See* TEX. R. CIV. P. 37, 38; *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 64-66 (Tex. App.–Houston [1st Dist.] 2005, orig. proceeding); *In re Martin*, 147 S.W.3d 453, 458-59 (Tex. App.–Beaumont 2004, orig. proceeding); *In re Arthur Andersen L.L.P,*

2

121 S.W.3d 471, 485-86 (Tex. App.–Houston [14th Dist.] 2003, orig. proceeding). Accordingly, the Court, having examined and fully considered the petition for writ of mandamus and response thereto with regard to the designation of responsible third parties, is of the opinion that relator has not shown itself entitled to the relief sought.

In so holding, we are cognizant that the concept of what constitutes an "adequate" remedy by appeal, has undergone a recent evolution in the Texas Supreme Court, *compare In re McAllen Med. Ctr., Inc.*, No. 05-0892, 51 Tex. Sup. Ct. J. 1302, 2008 Tex. LEXIS 759, at *6 (Tex. Aug. 29, 2008) (orig. proceeding), and *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *with Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding), and we are further aware that the specific issue herein is under consideration by the Texas Supreme Court. *See In re Scoggins Constr. Co.*, No. 13-08-00317-CV, 2008 WL 2721811 (Tex. App.–Corpus Christi June 30, 2008, orig. proceeding [mand. pending]). However, we believe that our analysis and conclusion in this case is compelled by the traditional standards of mandamus review, the standards for mandamus review of decisions regarding the designation of responsible third parties as articulated by our fellow courts of appeals, and our own precedent.

The petition for writ of mandamus, as it relates to the designation of responsible third parties, is DENIED. *See* Tex. R. App. P. 52.8(a).

### IV. Striking Expert Witnesses

We next consider the trial court's alleged abuse of discretion in striking three of relator's expert witnesses, leaving it with other experts to testify at trial.[2] Decisions as to

---

[2] The trial court struck four of relator's expert witnesses; however relator's petition for writ of mandamus concerns the trial court's actions with regard to only three of its experts. Relator does not challenge the trial court's striking of one expert who was designated after the deadline imposed by a rule 11 agreement between the parties.

3

the admission or exclusion of evidence are left to the trial court's discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). This standard extends to a trial court's admission or exclusion of expert testimony. *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 718 (Tex. 1998). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently, when it acts without reference to guiding rules and principles. *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003).

The trial court's ruling on the admissibility of expert testimony is commonly reviewed on direct appeal for an abuse of discretion. *See, e.g., Broders v. Heise*, 924 S.W.2d 148, 151 (Tex. 1996). Based on the record presented, we conclude that relator has an adequate remedy by appeal. *See In Re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998); *In re Thornton-Johnson*, 65 S.W.3d 137, 139 (Tex. App.–Amarillo 2001, orig. proceeding) (denying mandamus relief for order excluding expert); *In re Kellogg Brown & Root, Inc.*, 7 S.W.3d 655, 658 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding) (same).

In the instant case, relator has not clearly established the impossibility of defending the underlying personal injury lawsuit. Nor has relator shown that striking these three experts prevents it from defending against the claims of the real party in interest such that a trial would be a waste of judicial resources. Nor has relator shown that a remedy by appeal will cause it "the permanent loss of substantial rights." *See In re Kan. City S. Indus.*, 139 S.W.3d 669, 670 (Tex. 2003) (orig. proceeding).

In holding that relator has an adequate remedy by appeal, we need not address whether or not the trial court's ruling striking relator's experts constituted an abuse of discretion. However, we note that relator's designation of these experts and the provision

of the expert reports was encompassed by an agreement under Rule 11 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 11; *see generally In re BP Prods. N. Am.*, 244 S.W.3d 840, 846 (Tex. 2008) (orig. proceeding).[3]

The petition for writ of mandamus, as it relates to the striking of relator's expert witnesses, is DENIED. *See* Tex. R. App. P. 52.8(a).

V. Conclusion

The petition for writ of mandamus is DENIED. The motion for immediate temporary relief, which was previously carried with the case is likewise DENIED.

PER CURIAM

Memorandum Opinion delivered and
filed this 23rd day of March, 2009.

---

[3] Real party in interest contends, and the trial court apparently agreed, that relator breached the rule 11 agreement allowing an extension of time to designate experts and provide reports when relator designated one expert after the designation deadline contained in the parties' rule 11 agreement. Interestingly, however, instead of enforcing the rule 11 agreement and moving to strike only the late-designated expert, the real party moved to strike all experts designated pursuant to the agreement and all reports produced pursuant to the agreement.