**Roosevelt J. JONES, Appellant,**

v.

**John C. SMITH, Appellee.**

**No. 06–04–00043–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Jan. 20, 2005.

Decided Feb. 9, 2005.

Rehearing Overruled March 8, 2005.

Roosevelt J. Jones, Houston, pro se.

Dean A. Searle, Marshall, for Appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

A judgment was entered establishing a boundary between property owned by Roosevelt J. Jones and John C. Smith in accordance with a survey prepared by Smith's surveyor, Dan Hampton. By way of a declaratory judgment, the trial court also granted Smith a judgment against Jones for damages of $8,943.00 and attorney's fees of $10,000.00. Jones presents several issues: (1) legal and factual sufficiency of the evidence to support the determination of placement of the boundary line; (2) use of a declaratory judgment in granting relief; (3) failure to abate the case due to nonjoinder of other cotenants; and (4) failure to rule on Jones' motion for sanctions for discovery abuse and summary judgment.[1] We reform the judgment to delete the damages and attorney's fee awards and otherwise affirm the judgment.

Approximately seven and one-half acres of wooded property is involved in this boundary line dispute. Jones' family has owned one parcel since at least the early 1940's, and Smith's family has owned the other since 1973. Smith built a fence in 1997 across their adjoining boundary, in the location of a prior fence. Jones, who had not seen this portion of the property for over fifty years, discovered the fence in what he remembered as the wrong place. He also had some objective support for that belief, based on a survey of an adjoining tract. Jones moved a portion of the fence to the location he believed was proper; Smith then filed suit to determine the boundary of the properties.

Two weeks after the judgment was signed, the Texas Supreme Court rendered its opinion in *Martin v. Amerman*, 133 S.W.3d 262 (Tex.2004). In that opinion, the court agreed that, because the boundary dispute involved title to a strip of land, it was in the nature of a trespass

---

1. Smith had originally also raised an adverse possession claim, but nonsuited that claim at the beginning of the trial.

to try title action and must be treated as such.

■■■ This is purely a boundary dispute. The court in *Martin* held that the strict pleading and proof requirements for a trespass to try title action are relaxed in cases where the only issue is the location of a boundary line. *Id.* at 268. The court recognized that, although title to the disputed property was obviously at issue, there was a "procedural distinction between trespass-to-try-title actions and boundary disputes for jurisdictional and evidentiary purposes,...." *Id.* at 267.[2] Thus, in this case, where boundary is the sole issue, it is necessary to establish, by adequate proof, the location of the boundary line between the properties.

■■■ Jones first contends the evidence is factually and legally insufficient to support the court's decision setting the boundary.[3]

## 1. Legal and factual sufficiency of the evidence to support the placement of the boundary line

■■■ In determining a no-evidence issue, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. *Bradford v.*

*Vento,* 48 S.W.3d 749, 754 (Tex.2001); *Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Cazarez,* 937 S.W.2d at 450. When considering a factual sufficiency challenge to a jury's verdict, courts of appeals must consider and weigh all of the evidence, not just that evidence which supports the verdict. *Mar. Overseas Corp. v. Ellis,* 971 S.W.2d 402, 407 (Tex.1998). A court of appeals can set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. *Id.; Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

Smith provided evidence that the fence was on the boundary line determined by a surveyor in 1973 when Smith's predecessor in title (his father) had purchased the property. The fence was on that line in 1986, and the evidence was that, when Smith replaced the fence in 1997 he put it exactly where it had been before. After this dispute arose, Hampton again surveyed the property in September 1999 at Smith's request. He testified that, based on his review of the deeds and the property, the boundary line shown by the fence

2. In a formal trespass to try title action, the plaintiff must prove a regular chain of conveyances from the sovereignty, prove superior title out of common source, prove title by limitations, or prove prior possession which has not been abandoned. *Rogers v. Ricane Enters., Inc.,* 884 S.W.2d 763 (Tex.1994). A boundary determination necessarily involves the question of title, or the parties would gain nothing by the judgment. However, the court has recognized a procedural distinction between trespass to try title actions and boundary disputes for jurisdictional and evidentiary purposes. *Martin,* 133 S.W.3d at 267.

Since this is a boundary dispute, it was not necessary for Smith to establish his superior title to the property in question in the manner required by a formal trespass to try title ac-

tion to avoid losing title to his property. *Id.* at 268; *see Plumb v. Stuessy,* 617 S.W.2d 667, 669 (Tex.1981); *Poth v. Roosth,* 146 Tex. 7, 202 S.W.2d 442 (1947).

3. No findings of fact or conclusions of law were requested or filed. When a party does not request findings of fact or conclusions of law, it is implied that the trial court made all necessary findings of fact to support the judgment, provided that the proposition is one raised by the pleadings and supported by the evidence, and that the judge's decision can be sustained on any reasonable theory that is consistent with the evidence and the applicable law, considering only the evidence favorable to the decision. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990).

was correct. He also acknowledged the dispute about the location of this property line, which was based on a disputed call in a 1932 deed conveying a piece of property to the east of these tracts. There was also a disparity between the amount of acreage set out in Jones' deed and the actual acreage. However, even if the fence was placed as Jones urged, his total acreage would be less than as provided in his deed.

Hampton also acknowledged that surveys done by the previous surveyor, Mr. McClelland, were inconsistent. McClelland's 1961 survey had set out one property line, but McClelland changed that survey in 1973 to reflect the current location of the line at issue. Hampton testified he found nothing on the ground to support the 1961 location, but did find pins to support its present location. Hampton also testified that the changed location of the line made the mathematical calculations for the amount of land stated in the deed to Smith correct-calculations for the previous line resulted in fewer acres than were set out in the deeds going back through the decades. Hampton was also questioned about the deed transferring ownership to Jones and noted that the tract was described in terms of acreage instead of boundary descriptions.

Jones testified he lived on the property until 1944 and took care of it after his parents died. He became aware of the new fence in 1999 and testified that it was in a different location than he remembered. He based that belief on his memories from fifty-five years earlier, which was the last time he had been on the northern boundary of the property, and on a measurement he took from a call set out in the deed to an adjoining piece of property. Jones' father sold a forty-acre tract to Leon Ford in 1932. Jones believes the property line he shares with Smith is approximately 150 feet north of the line es-tablished by the survey. He came to this conclusion based on a reference to a 480 varas call in the 1932 deed to Leon Ford's property, which adjoins his property. It is his belief that Ford's west boundary line is coextensive with his east boundary line. He testified that, after converting the 480 varas measurement to feet, he then measured the distance and moved the fence accordingly.

The evidence in favor of the verdict, as set out above, is legally sufficient to support the verdict. Considering all of the evidence as summarized above, although there is conflict to be resolved, it does not appear that the fact-finder reached its verdict against the great weight and preponderance of the evidence.

## 2. Use of a declaratory judgment in granting relief

■■■ Jones next contends that the court erred by rendering the judgment in the form of a declaratory judgment, because that remedy has no application here, and because this is in the nature of a trespass to try title claim. He further argues the monetary awards linked to that cause of action must, therefore, be deleted.

■■■ This judgment was rendered, in part, as a declaratory judgment. Boundary disputes are not amenable to declaratory judgment. *Martin*, 133 S.W.3d at 262. Based on the *Martin* case, Smith acknowledges that the attorney's fees and damages awarded are improper. That contention of error is meritorious, and we reform the judgment to delete those awards.

## 3. Failure to abate the case due to non-joinder of other cotenant

■■■ On the day before trial, Jones filed a motion asking to abate the case because Smith had not joined all necessary and indispensable parties. Jones alleges

that he is one of several cotenants of the property and argued that they are necessary parties to the suit and that the cause should, therefore, be abated.

■■■ This issue is directly controlled by Tex.R. Civ. P. 39.[4] The determination of whether to proceed in the absence of such a party is a discretionary decision for the trial court. *Clear Lake City Water Auth. v. Clear Lake Utils. Co.*, 549 S.W.2d 385, 389–90 (Tex.1977); *Allegro Isle Condo. Ass'n v. Casa Allegro Corp.*, 28 S.W.3d 676, 678 (Tex.App.-Corpus Christi 2000, no pet.); *MCZ, Inc. v. Smith*, 707 S.W.2d 672, 675 (Tex.App.-Houston [1st Dist.] 1986, writ ref'd n.r.e). A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex.1998).

Smith brought this lawsuit because Jones disputed the location of the boundary line, moved a portion of the fence, and thereby "placed a cloud" on his title to the property. As pointed out by Smith at the hearing, Jones is the only one of the cotenants who had indicated any disagreement about the location of the boundary. Smith also acknowledged that he wanted to proceed with the lawsuit and that he might have to repeat the action against the other co-owners if they chose to raise similar claims.

The rules of joinder provide that a person shall be joined as a party in the action (1) if, in his or her absence, complete relief cannot be accorded among those already parties, or (2) if he or she claims an interest relating to the subject of the action and is so situated that the disposition of the action in his or her absence may, as a practical matter, impair or impede his or her ability to protect that interest or leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his or her claimed interest. Under the language used in the rule, it is clear that none of the other cotenants had "claimed an interest" in the portion of the property in dispute in this suit.

The Texas Supreme Court has specifically stated that it would be rare indeed if there were a person whose presence was

---

4. Tex.R. Civ. P. 39 states:

   (a) **Persons to be Joined if Feasible.** A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

   (b) **Determination by Court Whenever Joinder Not Feasible.** If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

so indispensable that his or her absence deprived the court of jurisdiction to adjudicate between the parties already joined. *Cox v. Johnson,* 638 S.W.2d 867, 868 (Tex. 1982); *Caldwell v. Callender Lake Prop. Owners Improvement Ass'n,* 888 S.W.2d 903, 907 (Tex.App.-Texarkana 1994, writ denied).

Even more recently, in the context of a declaratory judgment and a suit brought by members of a homeowner's association, the court held that the failure to join other landowners in a subdivision property owner's action against a homeowners' association did not deprive the trial court of jurisdiction, and returned the case to this Court for consideration of the remaining issues. *Simpson v. Afton Oaks Civic Club, Inc.,* 145 S.W.3d 169 (Tex.2004). The court applied the analysis that it used in *Brooks v. Northglen Ass'n,* 141 S.W.3d 158 (Tex.2004), in which it held that a declaratory judgment action against a property owners' association would not prejudice the rights of the other property owners because unjoined owners would not be bound by the suit, noting that nothing prevented the trial court from rendering complete relief to those parties before it, and if the homeowners' association were exposed to multiple suits, that was the result of its own inaction.

We also note that the motion to abate and join new parties was filed the day before trial, when the information necessary to pursue the motion had been known since the suit had been filed a year earlier. *See Akinwamide v. Transp. Ins. Co.,* 147 S.W.3d 623 (Tex.App.-Corpus Christi 2004, no pet.) (finding that a trial court did not abuse its discretion by denying a motion to join additional parties seventeen days before trial, which would surely have required postponing the trial). Trial courts are guided by Rule 37 of the Texas Rules of Civil Procedure when deciding whether to allow the joinder of another party at a time which would unreasonably delay the trial of the case. *See* Tex.R. Civ. P. 37.[5]

We conclude that the court did not abuse its discretion by denying the motion to abate.

**4. Failure to rule on Jones' motion for sanctions for discovery abuse and motion for summary judgment**

■ Jones next contends the trial court erred by failing to impose sanctions on Smith for discovery abuse and for failing to rule on Jones's motion for summary judgment.

Jones' argument is: if sanctions had been imposed keeping Smith from entering his deeds into evidence, Jones would have prevailed at trial, and the sanctions could also have resulted in the court granting his motion for summary judgment.

Jones filed both motions October 8, 2003, and he states in his brief that he requested a setting on them. Smith argues that Tex.R.App. P. 33.1 controls in this case, because Jones never sought to obtain a ruling on either motion.

The Texas Supreme Court has directed that "the failure to obtain a pretrial ruling on discovery disputes that exist before commencement of trial constitutes a waiver of any claim for sanctions based on that conduct." *Remington Arms Co. v. Caldwell,* 850 S.W.2d 167, 170 (Tex.1993); *Martin v. Commercial Metals Co.,* 138 S.W.3d 619, 623 (Tex.App.-Dallas 2004, no pet.). This is in accord with the general rule

---

**5.** "Before a case is called for trial, additional parties, necessary or proper parties to the suit, may be brought in, either by the plaintiff or the defendant, upon such terms as the court may prescribe; but not at a time nor in a manner to unreasonably delay the trial of the case." Tex.R. Civ. P. 37.

that, as a prerequisite to a complaint for appellate review, the record must show that the trial court, either expressly or implicitly, ruled on the motion. TEX.R.APP. P. 33.1(a)(2)(A). Thus, similarly, the failure to obtain a ruling on the motion for summary judgment has not preserved any error for our review. The contention of error is overruled.

We reform the judgment to delete the monetary awards made pursuant to the declaratory judgment, and otherwise affirm.

Rule 43.4 provides that a court of appeals should award costs to the prevailing party. TEX.R.APP. P. 43.4. In this case, no party prevailed on all of the principal issues. We, therefore, apportion the costs between the parties. *See, e.g., City of Austin v. Capitol Livestock Auction Co.,* 453 S.W.2d 461, 465 (Tex.1970); *Burke v. Union Pac. Res. Co.,* 138 S.W.3d 46, 75–76 (Tex.App.-Texarkana 2004, pet. granted) (op. on reh'g). Costs are apportioned at one half to each party.