Opinion issued July 19, 2007








Opinion issued
July 19, 2007

 

 

 

 

 

 








 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-04-01225-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MARK ANTHONY PARMER, Appellant

 

V.

 

HELEN CHRISTINE HARDCASTLE PARMER, Appellee

 

 



On Appeal from the 387th District Court

Fort Bend County, Texas

Trial Court Cause No.  03-CV-132545

 








 

 



MEMORANDUM OPINION

 

          Mark Parmer appeals a post-answer default
judgment in a divorce proceeding brought by Helen Hardcastle Parmer.  Although
Mark had notice of the divorce hearing, he did not attend.  In his absence, the
trial court dissolved the marriage and appointed Helen sole managing
conservator of their child.  On appeal, Mark contends the trial court erred in
entering the default judgment and in refusing to (1) appoint Mark possessory
conservator of the child; (2) order a DNA test to determine the child’s
biological father; (3) order the child’s last name changed from Hardcastle to
Parmer; and (4) grant Mark’s request for a jury trial. We affirm.

Background 

          Mark and Helen married in
March 2002.  In July 2002, Mark pled guilty and was convicted of injury to a
child with a deadly weapon, causing the death of Helen’s daughter from a
previous marriage.  The trial court sentenced Mark to thirty years in prison,
and he remains incarcerated at the time of this appeal.[2] 


Mark and Helen had a child, born in
April 2003.  In October 2003, Helen, acting pro se, petitioned for divorce. 
Mark, also pro se, responded in his answer that Helen’s original petition
incorrectly stated that she has no children from the marriage.  Helen then
amended her petition and disclosed that she has a child with Mark.  Helen
requested that the trial court award sole custody of the child to her and deny
Mark any visitation.  

          In January 2004, Mark moved
the trial court to order DNA testing to establish paternity, but the record
contains no ruling by the trial court on this motion.  On August 8, 2004, Mark
received notice that the trial court had set the hearing on the divorce
petition for October 8, 2004.  The notice also advised Mark to request a bench
warrant in writing if he wished to attend.  On October 7, 2004, the day before
the scheduled proceeding, the trial court received various motions from Mark,
in which he requested that the court (1) grant a jury trial, (2) name him or
his parents as possessory conservators, and (3) change the child’s last name to
his name.  Mark also renewed his request for DNA testing.  He did not, however,
request a bench warrant or make any other attempt to arrange for his appearance
at court, either in person or by alternative means.      

          The trial court proceeded
with the hearing in Mark’s absence and entered a post-answer default judgment
in favor of Helen.  With respect to custody and visitation, the following
colloquy took place between Helen and the trial court:

THE COURT:          But I need a divorce decree,
something for me to sign that addresses your son, addresses custody of your
son.  I assume at this point you’re not going to enter any child support
because the guy can’t pay child support.  I assume that since he’s in prison
he’s not going to have any specific visitation.  It will just be whatever you
approve whenever he gets out, something on that basis.

 

Helen:             Can I approve zero?  Is that an
option?

 

THE COURT:          You can approve whatever you want
to but I need something in the paperwork that says that you will try to work
with him and agree to visitation.  And if you don’t, then you don’t and then he
can come complain about it.  Am I going to approve a – well, what is he in
prison for?

 

Helen:             He killed my daughter.

 

THE COURT:          You just answered your own
question.  Then I want something in there saying that you have sole custody of
this child and that he is not to have visitation. 

 

The final divorce decree orders that
“there will be no visitation rights of [the child] by the Respondent Mark
Anthony Parmer unless permitted by Helen Christine Hardcastle.”  Mark did not
seek any postjudgment relief from the trial court, but did notice this appeal. 

Analysis

Post-Answer Default Judgment

          Mark asserts that the trial
court erred in entering the default judgment against him because he answered
Helen’s petition.  “Unlike other civil cases in which a defaulting defendant is
presumed to admit the petition’s allegations regarding liability and liquidated
damages, the allegations in a divorce petition are not admitted by a defaulting
defendant.” Miles v. Peacock, No.
01-06-00313-CV, 2007 WL 1166162 (Tex. App.—Houston [1st Dist.]
Apr. 19, 2007, no pet. h.); see Tex.
Fam. Code Ann. § 6.701(Vernon 2006); Wilson v. Wilson, 132 S.W.3d
533, 538 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); see also Sandone
v. Miller-Sandone, 116 S.W.3d 204, 207 (Tex. App.—El Paso 2003, no pet.)
(noting that divorce petition may not be taken as confessed even if respondent
does not file answer).  An answer alone, however, does not preclude the entry
of a default judgment.  See Sharif v. Par Tech, Inc., 135 S.W.3d 869,
872 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (post-answer default judgment
occurs where party files timely answer but fails to appear at trial).  

Here, the trial court entered a
default judgment not because Mark failed to answer, but because he did not
appear at the divorce hearing.  At the hearing, Helen presented some evidence
to support the allegations in her petition.  Mark did not move for a new trial
or other post-judgment relief and thus failed to preserve any basis to review
the post-answer default judgment.  See Tex.
R. App. P. 33.1(a); Dunn v. Dunn, 177 S.W.3d 393, 397–98 (Tex.
App—Houston [1st Dist.] 2005, pet. denied).  As a pro se party, Mark is
held to the same standard as a licensed attorney and thus is required to comply
with the rules of procedure.  See Wheeler v. Green, 157 S.W.3d 439, 444
(Tex. 2005); Sedillo v. Campbell, 5 S.W.3d 824, 829 (Tex. App.—Houston
[14th Dist.] 1999, no pet.).   Accordingly, we may not consider Mark’s
complaints about child custody, conservatorship, and visitation issues
addressed in the final divorce decree.    




DNA
Test and Name Change

          Mark also contends that the
trial court wrongly failed to grant his motions for DNA testing and to change
the name of the child to include his last name.  Mark asserts that the Family
Code entitles him to the relief he requested in both of these motions.  The
court, however, never ruled on these motions, and Mark never requested any
ruling.  

When a party does not obtain a ruling
on a motion, request that the court document its refusal to rule, or otherwise
object to the court’s refusal, that party may not later complain about the lack
of any such ruling.  Tex. R. App. P.
33.1(a); see Retzlaff v. Texas Dep’t of Criminal Justice, 135
S.W.3d 731, 745 (Tex. App.—Houston [1st Dist.] 2003, no pet.); see also
Wilson v. Korthauer, 21 S.W.3d 573, 578 (Tex. App.—Houston [14th Dist.]
2000, pet. denied) (motion to strike petition); Mitchell v. Bank of America,
N.A., 156 S.W.3d 622, 626 (Tex. App.—Dallas 2004, pet. denied) (motion for
continuance); Martin v. Commercial Metals Co., 138 S.W.3d 619, 623 (Tex.
App.—Dallas 2004, no pet.) (motion for sanction); Jones v. Smith, 157
S.W.3d 517, 523–24 (Tex. App.—Texarkana 2005, pet. denied) (motions for summary
judgment and sanction).  Mark’s failure to request rulings on his outstanding
motions means that we may not consider these issues either.  




Request
for Jury Trial

          In his final issue, Mark
asserts that the trial court erred in refusing to grant his belated jury
demand, in violation of the Fourteenth Amendment of the United States
Constitution.  A civil litigant does not have an automatic right to a jury
trial.  Rather, the party must demand it and pay any applicable fee within the
prescribed time.  Tex. R. Civ. P.
216; In re J.N.F., 116 S.W.3d 426, 431 (Tex. App.—Houston [14th Dist.]
2003, no pet.).  Mark’s request for a jury, made the day before trial, was
untimely.  See Tex. R. Civ. P.
216 (party must make written request for jury trial at least thirty days before
trial).   

Moreover, Mark has also waived any
error as to this issue. See Tex.
R. App. P. 33.1.  Mark did not present the issue to the trial court in a
motion for new trial, and has not identified in his brief any basis on which we
could conclude that the trial court committed any fundamental error or abused
its discretion in failing to grant the untimely demand.  

Conclusion

The judgment of the trial court is
affirmed.          

                                                          

 

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel
consists of Justices Nuchia, Hanks and Bland.

 









[2]
After Mark plead guilty, he was convicted and
sentenced on July 29, 2002 to 30 years’ imprisonment.  Parmer v. State,
No. 14-05-00950-CR (Tex. App.—Houston [14th Dist.] Oct. 20, 2005, pet. ref’d). 
He did not try to appeal from this conviction and sentence until August 19,
2005, more than three years later.  Id.