

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-09-00054-CV

_____

### IN RE: AMY BETTS WEAVER

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Amy Betts Weaver, relator, has filed a petition for writ of mandamus asking this Court to order the County Court at Law of Panola County to order the transfer of venue of an underlying family law litigation to Rusk County, Texas. She states that the trial court found that the children had resided in Rusk County for over six months, thus transfer was mandatory. The parties have provided a record of various proceedings in this case as attachments to their briefs.

There are a number of other matters set out by the parties in connection with the conservatorship issue and possession, but the sole focus of this proceeding is whether the trial court abused its discretion by failing to perform its ministerial duty and transfer the proceeding to the county of residence of the children.

In order to obtain mandamus relief, the relator must show that the trial court clearly abused its discretion, and the relator has no adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Weaver states that because the trial court found the children had resided in Rusk County for over six months, transfer was mandatory. If the mandatory transfer provision applies in this instance, mandamus relief is appropriate. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding).

2

Section 155.201 of the Texas Family Code provides for the mandatory transfer of a proceeding on a motion to modify as follows:

> (b)     If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

TEX. FAM. CODE ANN. § 155.201(b) (Vernon 2008).

In the divorce decree attached, Weaver, as a joint managing conservator, was authorized to designate the primary residence of the children "within Panola County, Texas or within the boundaries of the Tatum Independent School District in Rusk County, Texas."  Weaver filed a motion to transfer alleging that the children had been residents of Rusk County for more than six months.  The father, Sonny Stallings, filed an objection to the motion alleging that the children had resided with him in Panola County at least sixty-six percent of the time.

Even though Weaver alleges the trial court found the children resided in Rusk County for more than six months, the written order denies the motion to transfer venue, without specifying any reason for that ruling.  The general rule is that in the absence of a request for findings of fact, the judgment implies all necessary findings to support it, if the proposition is raised by the pleadings and supported by the evidence.  *Jones v. Smith*, 157 S.W.3d 517 (Tex. App.—Texarkana 2005, pet. denied).  Although the initial motion to modify and transfer alleges that the children had spent six

3

months in Rusk County, the evidence presented at the hearing was not directly aligned with that question, and the discussions at trial were directed at desired changes in the domicile of the child.

The Legislature has provided direction for courts in making a determination concerning the length of time a child has resided in a county.

### § 155.203.    Determining County of Child's Residence

> In computing the time during which the child has resided in a county, the court may not require that the period of residence be continuous and uninterrupted but shall look to the child's principal residence during the six-month period preceding the commencement of the suit.

TEX. FAM. CODE ANN. § 155.203 (Vernon 2008).

In order to prevail, relator must show this Court that the trial court's ruling was an abuse of discretion and that it failed to perform its ministerial duty.

That argument is not supported by the evidence. The divorce decree allowed the establishment of the children's primary residence in either Panola or Rusk County. The only evidence presented at the hearing was by the father of the children who testified the children resided sixty-six percent of the time in Panola County. No other testimony was presented; consequently, there is no conclusive evidence which would require the trial court to find that the principal residence of the children was in another county for the necessary six months.

Accordingly, the trial court did not abuse its discretion by denying the motion to transfer.

We deny the petition for writ of mandamus.


                                        Jack Carter
                                        Justice


Date Submitted:     June 4, 2009
Date Decided:       June 5, 2009