

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00101-CV
_____


IN RE:  STATE LINE FIREWORKS, INC.


Original Mandamus Proceeding


Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

This petition for writ of mandamus is brought by State Line Fireworks, Inc. (State Line), a defendant whose motion for modification of a scheduling order to obtain additional time to permit the joinder of third parties was denied by the trial court.

On December 28, 2011, Kenith Hanson filed a products liability suit against State Line, after an allegedly "defectively designed and manufactured consumer firework[]" sold by State Line exploded and sent a "shrapnel like piece of the fiberglass tube" into his eye. On August 27, State Line filed an opposed motion for leave to file a third-party petition against Guangxi Hepuxian Yangmei Fireworks Factory (Yangmei) and Guangxi Baishazhisu Baozhuang Chang (GBBC), the manufacturers of the Scorpion shell and fiberglass tubes that are alleged to have caused the injuries to Hanson. State Line asserted that Yangmei and GBBC had a "statutory obligation to indemnify and hold harmless State Line from any and all losses arising out of the" action pursuant to Section 82.002 of the Texas Civil Practice and Remedies Code. In addition to the statutory indemnification claim, State Line asserted that Yangmei and GBBC would be responsible for breach of UCC warranties should the fireworks "be found defective in any manner." The trial court set the matter for hearing on September 7, 2012. Because the deadline to join parties was on that date,[1] State Line also sought an extension of time to join Yangmei and GBBC and serve them with suit.

In response, Hanson filed pleadings in which he argued that: (1) State Line's motion for extension of time should be denied because he would be prejudiced by unreasonable delay;

_____
[1] On July 5, 2012, the trial court entered an amended scheduling order giving State Line until September 7, 2012, to join third parties.

2

(2) State Line failed to use due diligence in determining the availability of a claim for indemnity; and (3) the trial court lacked personal jurisdiction over either Yangmei or GBBC (the entities sought to be joined, both of which are Chinese entities, neither of which conducted business in Texas). Hanson further pointed out in his pleadings contravening State Line's motion that the United States Customs' records produced by State Line's counsel prior to suit identified the manufacturers of the firework as the Yang Mei Factory in Hunan Province, China, not GBBC. Hanson argued that none of the records produced by State Line in discovery suggested that GBBC was the manufacturer of the fiberglass fireworks tubes.

Hanson went on to cite discovery and deposition testimony to support his argument that the trial court lacked jurisdiction over the entities that State Line sought to include. In doing so, Hanson mentioned that Kenneth Carpenter, State Line's owner, testified that "he does not know who manufactured the fiberglass launcher tubes, he had purchased the tubes with the shells from the Yang Mei Factory as part of a 'total package,' and had done so for approximately three" years.[2] Hanson's pleadings referenced United States Customs' records and Carpenter's deposition (which described State Line as "the direct importer" of the products) to contend that State Line purchased the products in China,[3] tested them in China, and arranged for the importation of the products into the United States for sale. The fiberglass fireworks tubes

---

[2]Hanson also cited to 15 U.S.C.A. § 2052(a)(11) (2008), which defines a manufacturer as "any person who manufactures or imports a consumer product," to suggest that State Line is not entitled to indemnification. However, "the federal Act's treatment of importers as manufacturers suggests nothing about the scope of the indemnity obligation under chapter 82." *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 450 (Tex. 2008).

[3]Carpenter testified that he travelled to China to purchase the fireworks.

"[were] imported and marketed by State Line Fireworks under its private label,[4] 'White Hot Artillery.'" Hanson argued that Yangmei and GBBC, who did not have agents for service of process, business offices, agents, employees, or bank accounts in Texas, did not conduct business in Texas. He pointed to State Line's "absence of any jurisdictional facts" in their pleadings. Thus, according to Hanson, while State Line reached out to China, Yangmei and GBBC did not do business in Texas.

Under the scheduling order in place, trial in this cause is set for December 11, 2012. Hanson argued that State Line knew the fiberglass fireworks tubes were manufactured at the Yang Mei Factory "nearly four (4) years ago," that United States Customs' records demonstrating as much were delivered to Hanson by State Line's counsel in August 2011 prior to suit, and that the records were again delivered after suit was filed on February 17, 2012. He complained that "substantial discovery" had "been completed, including the depositions of five (5) witnesses," that mediation was scheduled on September 13, 2012, that the deadline for disclosure of expert witnesses was September 21, and that the discovery deadline was November 9. He pointed out that State Line did not "suggest how it intends to serve the two Chinese entities" and that the Hague Convention[5] requires all documents and evidence to be translated in Chinese and served according to Hague Convention requirements, a process that "routinely takes a minimum of 3-4 months" according to the United States Marshal's Service. Hanson also took the position that there was no indication that State Line provided the notice

---

[4]*See* 15 U.S.C.A. § 2052(a)(12) (2008).

[5]*See Hague Convention on Service Abroad of Documents in Civil Matters*, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.

required under Section 82.002(f) of the Texas Civil Practice and Remedies Code. He concluded that while State Line would not suffer prejudice in the denial of its motion, because the right to indemnity arises when a tortfeasor is subjected to a judgment or pays sums in settlement, State Line's "unjustified attempt to join the Chinese entities at this late date [wa]s designed to postpone the trial," would prejudice Hanson, "and should not be allowed."[6]

On September 20, 2012, the trial court entered an order denying State Line's motion for extension of time to join Yangmei and GBBC.

Mandamus is an extreme remedy, and to be entitled to such relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy at law. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458 (Tex. 2008) (orig. proceeding). A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Due to the nature of this remedy, it is State Line's burden to provide this Court with a sufficient record to establish the right to mandamus relief.[7] *Id.* at 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding).

A trial court "has great discretion regarding joinder of third parties." *In re Arthur Andersen LLP*, 121 S.W.3d 471, 483 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding);

---

[6]All of these arguments lodged by Hanson are taken from pleadings filed by Hanson in opposition to the motion. State Line has provided us with no record of any testimony or oral argument in any proceedings held before the trial court on its motion.

[7]Although the record establishes that a hearing was held on State Line's motions, the reporter's record from the hearing has not been provided to this Court.

5

*In re Martin*, 147 S.W.3d 453, 457 (Tex. App.—Beaumont 2004, orig. proceeding). However, mandamus relief is appropriate where the trial court abuses that discretion. *Andersen*, 121 S.W.3d at 483. Because joinder "rests on the concept of judicial efficiency and the policy of providing full and adequate relief to the parties," the trial court's decision on joinder should be "based on practical considerations with a view to what is fair and orderly," "keeping in mind the history of the suit." *Id.* The court can consider whether joinder will delay the trial and whether that delay is reasonable under the facts and circumstances of the suit. *Id.* Generally, leave to join third parties should be "liberally granted." *Id.* We may also consider whether the third-party claim must be asserted in the current lawsuit. *Martin*, 147 S.W.3d at 458.

The scheduling order had been previously amended in this case, and the parties' discovery deadline was fast approaching. The trial court's order provided an instructive analysis as to the reason for its denial of State Line's motion. The order recited that it was "not disputed that Defendant was at all times prior to the filing of this action aware of the identity and location of the Chinese fireworks manufacturer ('Yeng Mei') from whom it bought the artillery tube and shell," but that State Line "claims that leave should be granted because it has just recently been able to identify and locate the manufacturer of the artillery tube, GBBC." The trial court reasoned that "an efficient way to have identified and located other 'manufacturers,' such as GBBC, would have been to add the one which was known all along, Yang Mei, and then seek leave to add the others as discovery on Yang Mei revealed the identity and location of GBBC."

The trial court ruled that State Line would not be prejudiced by the denial because although it could have brought suit against the Chinese entities for indemnification after the

6

cause of action accrued, it "failed to act diligently in pursuing its claims under Chapter 82." The trial court determined that Hanson would be prejudiced due to further discovery and "significant[] increase [in] the litigation costs" and that granting State Line's motion would "delay this matter for several months, particularly because the pleadings will have to be translated into Chinese and served on the Chinese manufacturers via the Hague Convention."

Considering these reasons stated by the trial court coupled with the history of the case, evidence that State Line knew of Yangmei from the inception of suit, and the practical difficulties and delay that would result from attempting to add the Chinese third-party defendants at such a late stage of the litigation, we determine that judicial efficiency would not have been served by granting State Line's motion. Additionally, we note that further delay could be occasioned in the likely event that controversy over jurisdictional issues could arise. Based on the facts of this case, we cannot say that the trial court clearly abused its discretion.

Furthermore, we believe that State Line has an adequate remedy at law. A suit for indemnity "does not arise until some liability is established" and made "fixed and certain." *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 208 (Tex. 1999). This does not occur until judgment is rendered or until the lawsuit is settled. *Id.*; *Goose Creek Consol. Indep. Sch. Dist. v. Jarrar's Plumbing, Inc.*, 74 S.W.3d 486, 492 (Tex. App.—Texarkana 2002, pet. denied). Although a party may bring an indemnity claim before the judgment establishing liability in the interest of judicial economy, the claim is permissive, not compulsory, because the claim does not mature until damages become fixed and certain. *Gamma Group, Inc. v. Home State County Mut. Ins. Co.*, 342 S.W.3d 762, 766 (Tex. App.—Dallas 2011, pet. denied). The

7

other claims made by State Line against Yangmei and GBBC are also contingent upon Hanson's recovery on his claim.

"The additional expense and effort of preparing for and participating in two separate trials does not, standing alone, justify mandamus relief." *In re Inv. Capital Corp.*, No. 14-09-00105-CV, 2009 WL 310899, at *2 (Tex. App.—Houston [14th Dist.] Feb. 4, 2009, orig. proceeding) (per curiam) (mem. op.) (citing *Andersen*, 121 S.W.3d at 486). To support their contention that they do not have an adequate remedy at law, State Line cites *Andersen* and *Martin.*

First, concluding that an adequate remedy at law existed given that the petitioners could assert their claim in another suit, the *Martin* court denied the mandamus relief requested. *Martin*, 147 S.W.3d at 460. Next, in *Investment Capital Corp.*, the Fourteenth Court of Appeals cited its prior case, *Andersen*, and explained the reason why mandamus was granted in that case. *Inv. Capital Corp.*, 2009 WL 310899, at *2. There, suit was brought by investors after the collapse of Enron against Andersen, Enron's accounting firm. *Id.* Andersen sought joinder of multiple financial institutions as responsible third parties. *Id.* The court explained that mandamus was granted from the denial of that motion because the absence of third parties would profoundly affect the conduct and outcome of the suit, and a second suit would result in an enormous waste of resources due to the enormity of facts surrounding Enron's collapse. *Id.* The court in *Andersen* concluded that because Andersen's claims were for contribution for a tort judgment, and the state of the law was unclear as to whether Andersen's claims could be foreclosed because "Chapter 33 does not permit a tortfeasor subject to a judgment to bring a

post-judgment contribution claim against a tortfeasor who was not a party to the primary suit," the court could not state with certainty whether Andersen would have an adequate remedy in a separate suit against the third parties. *Andersen*, 121 S.W.3d at 485. After distinguishing *Andersen*, the court in *Investment Capital Corp.* held that the realtors possessed an adequate remedy at law with respect to the trial court's denial of their motion for leave to designate a responsible third party through the form of a separate lawsuit. *Inv. Capital Corp.*, 2009 WL 310899, at *2.

Here, the claims made by State Line are for statutory indemnification and for breach of warranty asserted in the event the fireworks are found to have been defective. Because these causes of action would not accrue until Hanson recovers damages or settles, the reasoning in *Andersen* for granting mandamus relief does not apply here. Should Hanson recover judgment or recover by settlement, State Line's claims against Yangmei and GBBC would accrue. At that point, State Line would be free to sue Yangmei and GBBC in a separate suit. We find this procedure would afford State Line an adequate remedy at law.

We deny State Line's request for mandamus relief.


                                          Bailey C. Moseley
                                          Justice


Date Submitted:      November 13, 2012
Date Decided:        November 14, 2012


9