

# NUMBER 13-26-00044-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE NANCY VASQUEZ AND
## BOLIVAR BUILDING AND CONTRACTING, LLC

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Justice Peña[1]**

By petition for writ of mandamus, relators Nancy Vasquez and Bolivar Building and

Contracting, LLC (BBC) assert that the trial court[2] abused its discretion by granting a

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2021-DCL-05478 in the 357th District Court of Cameron County, Texas, and the respondent is the Honorable Israel Ramon, sitting by assignment. *See id.* R. 52.2. By memorandum opinions issued this same date, we have denied two petitions for writs of mandamus arising from this same trial court cause number. *See In re Bolivar*, No. 13-26-00188-

motion for leave to add third-party defendants which was "filed nearly five years into litigation and just months before trial, where the addition of new parties would cause unreasonable delay, prejudice the relators, and involve parties who are not indispensable to the resolution of the case." We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

Based on the live pleadings, Vasquez and BBC filed suit against Randall Bolivar and Bolivar Business Conglomerate, LLC on grounds that Vasquez was the sole owner and member of BBC and its assets. She alleged that Bolivar incorporated BBC in 2006 but did not make capital contributions or operate the company and in 2007, she, Bolivar, and two others executed an operating agreement stating that she was the only party to make capital contributions and that she owned 100% of BBC. Vasquez alleged that after Bolivar was convicted of murder in 2009, he signed a letter resigning from the company. She asserted that Bolivar thereafter claimed ownership of BBC and all its assets by virtue of fraudulent documents. She sought declaratory relief, recission, and the imposition of a purchase money resulting trust, and she alleged causes of action including fraud, slander to title, and trespass to try title. Bolivar filed an answer to relators' lawsuit including counterclaims for breach of fiduciary duty, self-dealing, fraud, theft, and wrongful conversion. Bolivar claimed he owned BBC and that he never signed the operating agreement or the resignation letter.

On November 17, 2025, Bolivar filed a "Motion for Leave to File Third[-]Party Petition" against various "third[-]party defendants." At that time, trial was set for March 23,

---

CV, 2026 WL \_\_\_\_\_, at *\_ (Tex. App.—Corpus Christi–Edinburg Apr. \_, 2026, orig. proceeding) (mem. op.); *In re Bolivar*, No. 13-26-00233-CV, 2026 WL \_\_\_\_\_, at *\_ (Tex. App.—Corpus Christi–Edinburg Apr. \_, 2026, orig. proceeding) (mem. op.).

2

2026. Bolivar sought to add Emilia Vasquez, who is Nancy's mother; Ramiro Vasquez, who is Nancy's father; Jacqueline "Jackie" Vasquez, who is Nancy's sister; and Javier Perez, who is Jackie's boyfriend.[3] Bolivar alleged that, "Through discovery and a diligent investigation," he had "obtained documents and information linking the third[-]party defendants to the criminal, fraudulent, and malicious conduct of Vasquez." He asserted that "[t]he third[-]party defendants have fraudulently signed documents purporting to be members and/or officers of the Company as well as engaged in activities not authorized by Bolivar." Regarding each of these potential parties, Bolivar alleged that:

- Emilia: signed the operating agreement as a member of BBC knowing that it was fraudulent, yet Vasquez's testimony and discovery responses stated that Emilia was not a member of BBC;

- Ramiro: signed the operating agreement as a member of BBC knowing that it was fraudulent, yet Vasquez's testimony and discovery responses stated that Ramiro was not a member of BBC, and as per Vasquez's deposition, signed transfers of lien and a release of lien as president of BBC in 2011 and 2012;

- Jackie: requested a line of credit from Matt's Cash and Carry on behalf of BBC "at some unknown time prior to this suit," engaged in a building project in the name of BBC, submitted a fraudulent transfer of lien on real property owned by BBC in 2022, filed a notice of protest to the appraisal district in 2023, and attempted to make a change to the BBC in 2025; and

---

[3] Bolivar also sought leave to file a third-party petition against a corporation, JAD Construction Group; however, the trial court denied that request.

- Perez: executed a notarized instrument in 2010 purporting to be a transfer of lien where he was identified as a managing partner of BBC.

Bolivar alleged that the foregoing acts "abetted, aided, and/or assisted Vasquez in furtherance of her breach of fiduciary duty with self[-]dealing and/or fraudulent conduct." He stated that these individuals were liable to him "for all or part of the breach of fiduciary duty with [self-dealing], fraud by forgery, and/or fraud by nondisclosure for particular liability by assisting and encouraging the same." Bolivar thus argued that they were "indispensable parties."

Bolivar explained that he did not file his third-party petition within thirty days after filing his original answer "because the extent of the third parties' liabilities did not become apparent until after a diligent investigation." In this regard, Bolivar alleged that a temporary restraining order and injunction, "Vasquez's dilatory, evasive, and/or resistive tactics in the discovery process," and his failure to timely receive Vasquez's fourth amended petition hampered his ability to file the third-party petition earlier. Bolivar argued that "[f]iling the third[-]party petition will not cause a delay and will not inconvenience the parties because discovery has not been completed, and the matter is not set for trial for more than [thirty] days."

The trial court held a pretrial hearing on December 10, 2025, wherein the parties presented argument regarding Bolivar's motion. At the hearing, the trial court referenced the current trial setting, and stated that:

> We have a trial setting already that—I don't know if you-all agreed, but I set it at the time that I—that I could. And if we—if I grant you leave and you add all these parties that you want to add that you already added without leave, you know, this is not going to allow them time to do discovery and this case is going to be reset to the fall. Because I'm not gonna—I'm not gonna—if I grant a motion for leave and add these parties, then, you know, they're

4

going to have to do discovery and it's unfair to them to bring them in and then you have to serve them again and then they're going to have 20 days to respond, Monday next after 20 days and all that. That's going to take us to almost February and, then, this case set for March. That's not going to give them time to do discovery. Because as parties that you brought in as third-party defendants, they're entitled to discovery and depositions and all that as to why they're being brought in. So, that's—that's one concern that I don't know if you-all have or not, but it would definitely move the trial.

. . . .

Once we get everybody served, and I'm hoping that it's going to be in the next 30 days, maybe, once we get everybody, I'm going to enter a scheduling order. I'm going to expedite the proceeding in this case. I am going to allow—I'm going to have to vacate the setting for March 23rd. That's canceled. That's vacated. And, then, once I have all the parties in, then I'm going to have a very clear scheduling order on deadlines for discovery, deadlines for summary judgments and motions. And, then, once I clear all that, I'll be able to give you a trial setting.

The trial court stated that he found that these individuals were "indispensable parties . . . based on the actions that they took in support of the—of the plaintiff's case." The trial court further vacated a subsequent setting to hear various motions based on its ruling because "there's people that are out that haven't been served." Following the hearing, on January 7, 2026, the trial court signed an order granting Bolivar's motion for leave as to Emilia, Ramiro, Jackie, and Perez.

This original proceeding ensued. We ordered the real parties in interest, Bolivar and Bolivar Business Conglomerate, LLC, and any others whose interests might be affected by the relief sought, to file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. The Court received a response from Bolivar and a response from Anna I. Aguilar "d/b/a Bolivar Building and Contracting, LLC, a sole proprietorship." Relators filed a reply to Bolivar's response.

We turn our attention to pending motions. Bolivar filed a "Rule 12 Motion to Show Authority to Prosecute Original Proceeding" asserting that counsel for relators lack the authority to prosecute this original proceeding on behalf of BBC. Bolivar's motion is founded on his contention that he owns BBC and Vasquez does not. That is one of the many issues that is being litigated in the underlying lawsuit. Accordingly, we deny Bolivar's motion.

Aguilar filed a motion for leave to file her response to the petition for writ of mandamus on grounds that it was not timely filed. However, relators filed a motion to strike Aguilar's response to the petition on grounds that Aguilar, an individual proceeding pro se, is prohibited from representing BBC, a corporation. As stated previously, Aguilar filed the response in her name "d/b/a" BBC as the "sole proprietor" of that company. Legal entities, such as a corporation or a limited liability company, may generally appear in court only through a licensed attorney. *See Kunstoplast of Am. v. Formosa Plastics Corp.*, USA, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam); *Abraham v. Hernandez*, 705 S.W.3d 416, 422 (Tex. App.—El Paso 2024, no pet.). Based on the foregoing, we deny Aguilar's motion for leave, and we grant relators' motion to strike her response to the petition for writ of mandamus.

Finally, Bolivar filed a motion to strike and deny the petition for writ of mandamus on grounds that relators provided "fraudulent" certificates of service for their pleadings in this case. Bolivar similarly filed a motion to strike relators' reply to his response to the petition on grounds that it failed to comply with the appellate rules. We have examined and carefully considered Bolivar's motions, and we conclude they are without merit. Accordingly, we deny them.

6

## II. Mandamus

Mandamus relief is an extraordinary remedy available only when (1) the trial court clearly abused its discretion, and (2) the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam). "A court abuses its discretion if no evidence supports the finding on which its ruling rests and if the court could reasonably have reached only a contrary conclusion." *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam). We conduct a "benefits-and-detriments analysis" to determine if the relator possesses an adequate remedy at law. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding) (per curiam); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136–37 (Tex. 2004) (orig. proceeding).

In accordance with the above tenets, mandamus relief may be granted if the trial court abuses its discretion in rendering a decision regarding joinder. *See In re Boyaki*, 587 S.W.3d 479, 483 (Tex. App.—El Paso 2019, orig. proceeding); *In re Corcoran*, 401 S.W.3d 136, 139 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *In re Arthur Andersen, LLP*, 121 S.W.3d 471, 483 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding [mand. denied]).

## III. Joinder

We review a ruling on the joinder of parties for an abuse of discretion. *Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 910–11 (Tex. 2017); *Hibernia Energy III, LLC v. Ferae Naturae, LLC*, 668 S.W.3d 745, 757 (Tex. App.—El Paso 2022, no pet.). The trial court abuses its discretion when it acts without reference to guiding rules or principles or in an

arbitrary or unreasonable manner. *In re Kay*, 715 S.W.3d 747, 750 (Tex. 2025) (orig. proceeding) (per curiam). "An error of law or erroneous application of law to fact is an abuse of discretion." *Id.*

"Joinder rests on the concept of judicial efficiency and the policy of providing full and adequate relief to the parties." *In re Arthur Andersen LLP*, 121 S.W.3d at 483. A trial court's decision on joinder should be based on practical considerations regarding what is fair and orderly. *In re State Line Fireworks, Inc.*, 387 S.W.3d 27, 31 (Tex. App.—Texarkana 2012, orig. proceeding); *In re Martin*, 147 S.W.3d 453, 457 (Tex. App.—Beaumont 2004, orig. proceeding [mand. denied]) (pet. denied); *In re Arthur Andersen LLP*, 121 S.W.3d at 483. While the trial court may consider whether the joinder will delay trial of the cause, the trial court should consider whether the delay would be reasonable under the circumstances of the lawsuit, bearing in mind the history of the suit, and not simply whether a delay will occur. *In re State Line Fireworks, Inc.*, 387 S.W.3d at 31; *In re Martin*, 147 S.W.3d at 457; *In re Arthur Andersen LLP*, 121 S.W.3d at 483.

## IV.  ANALYSIS

As stated previously, relators assert that the trial court abused its discretion by granting Bolivar's motion for leave to add third-party defendants. Bolivar asserts otherwise.

### A.  Waiver

Bolivar asserts that relators have waived their complaint that the trial court abused its discretion in granting leave because they failed to object to Bolivar's motion. However, at the hearing on the motion, relators strenuously opposed Bolivar's motion and specifically objected to the trial court granting it. Further, relators informed the trial court

that they would seek relief from the trial court's decision by way of an original proceeding. We conclude relators sufficiently preserved error. *See* TEX. R. APP. P. 33.1(a)(1)(A); *In re Mittelsted*, 661 S.W.3d 639, 659 (Tex. App.—Houston [14th Dist.] 2023, orig. proceeding) (stating that the relator is required present its arguments to the trial court before seeking mandamus relief).

## B.      Applicable Law

Bolivar contends that he filed his Motion for Leave to File Third[-]Party Petition pursuant to Texas Rules of Civil Procedure 37, 38, 39, 40, and 174, and section 33.004 of the Texas Civil Practice and Remedies Code, and the trial court's ruling is supported by all these provisions.[4] *See* TEX. R. CIV. P. 37, 38, 39, 40, 174; TEX. CIV. PRAC. & REM. CODE § 33.004. We disagree that all these provisions are applicable under the circumstances of this case.

First, Rule 174 of the Texas Rules of Civil Procedure governs the consolidation of actions and provides:

> (a)    Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

> (b)    Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

---

[4] Bolivar's motion for leave refers to Texas Rules of Civil Procedure 37, 38, and 39 and section 33.004 of the Texas Civil Practice and Remedies Code. At the hearing, Bolivar verbally invoked Rules 40 and 174 while presenting argument in support of his motion.

TEX. R. CIV. P. 174. Thus, Rule 174 gives the trial court broad discretion to consolidate cases with common issues of law or fact, but it does not require consolidation. *See In re Z. W.-M.*, No. 03-24-00767-CV, 2025 WL 2470828, at *4 (Tex. App.—Austin Aug. 28, 2025, no pet.) (mem. op.). Bolivar's motion concerns one case only, and thus Rule 174 concerning separate actions is inapplicable.

Second, section 33.004 of the Texas Civil Practice and Remedies Code governs the designation of responsible third parties and provides, in relevant part:

> A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

TEX. CIV. PRAC. & REM. CODE § 33.004(a); *see In re Bertrand*, 602 S.W.3d 691, 696 (Tex. App.—Fort Worth 2020, orig. proceeding). Thus, this section allows defendants to designate "responsible third parties," which the code defines as persons who are "alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought." *Id.* §§ 33.004(a), 33.011(6). Designation enables a defendant to introduce evidence regarding a responsible third party's fault and to have the jury apportion responsibility to the third party even if that person has not been joined as a party to the lawsuit. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam) (citation modified); *see Metro. Transit Auth. of Harris Cnty. v. Smith*, 656 S.W.3d 867, 875–76 (Tex. App.—Houston [14th Dist.] 2022, no pet.).

In his motion, Bolivar alleges that the designated individuals "are liable" to him "for all or part of the breach of fiduciary duty with [self-dealing], fraud by forgery, and/or fraud by nondisclosure for particular liability by assisting and encouraging the same." Bolivar

10

states that he filed a "motion for leave to designate third[-]party defendants contemporaneously" with his motion. Examining the substance of Bolivar's motion, Bolivar is not seeking to designate responsible third parties and is instead seeking to impose direct liability against the named individuals. Accordingly, section 33.004 is not applicable.

Finally, Bolivar relies on Rule 38, which allows "a defending party, as a third-party plaintiff, [to] cause a citation and petition to be served upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him." TEX. R. CIV. P. 38(a). When brought in as a third-party defendant, a third party may assert defenses against the defendant's claim against him and the plaintiff's claim against the defendant. *Id.* Rule 38(a) also states:

> The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses and his counterclaims and cross-claims.

*Id*. "Rule 38(a) makes clear that if a plaintiff wishes to bring a claim against a third-party defendant, that claim must arise out of the transaction or occurrence forming the basis of the plaintiff's claim against the original defendant." *Perryman v. Spartan Tex. Six Cap. Partners, Ltd*., 546 S.W.3d 110, 132 (Tex. 2018). A claim against a third-party defendant may be brought without leave of court if filed not later than thirty days after service of the third-party plaintiff's original answer; otherwise, leave of court, with notice to all parties, is required to serve the third-party petition. TEX. R. CIV. P. 38(a); *Advanced Tech. Transfer*

*& Intell. Prop. Grp. LLC v. Krenek*, 627 S.W.3d 540, 543–44 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

Here, again, Bolivar claims that the designated individuals are personally liable to him for alleged tortious acts, and he does not claim that these individuals are "liable to him or to [Vasquez and BBC] *for all or part of [Vasquez's and BBC's] claim against him*." *See* TEX. R. CIV. P. 38(a) (emphasis added). Accordingly, this rule is inapplicable.

We turn our attention to the remaining provisions: Rules 37, 39, and 40. Rule 37 states that:

> Before a case is called for trial, additional parties necessary or proper parties to the suit, may be brought in, either by the plaintiff or the defendant, upon such terms as the court may prescribe; but not at a time nor in a manner to unreasonably delay the trial of the case.

TEX. R. CIV. P. 37; *see Jones v. Smith*, 157 S.W.3d 517, 523 (Tex. App.—Texarkana 2005, pet. denied). Rule 39 provides that:

> A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

TEX. R. CIV. P. 39(a). The rule further provides that if such a party has not yet been joined, "the court shall order that he be made a party." *Id.* Although the rule contemplates that certain persons "shall" be joined, there is no "precise formula for determining whether a particular person falls within its provisions." *Cooper v. Tex. Gulf Indus., Inc.*, 513 S.W.2d 200, 204 (Tex. 1974); *see Conrad Constr. Co., Ltd. v. Freedmen's Town Pres. Coal.*, 491 S.W.3d 12, 16 (Tex. App.—Houston [14th Dist.] 2016, no pet.). "Rule 39 does not require

12

joinder of persons who potentially could claim an interest in the subject of the action; it requires joinder, in certain circumstances, of persons who actually claim such an interest." *Crawford*, 509 S.W.3d at 913. Rule 39 was designed "to avoid questions of jurisdiction," and it "would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined." *In re Tr. A & Tr. C.*, 690 S.W.3d 80, 86 (Tex. 2024) (quoting *Cooper*, 513 S.W.2d at 203–04). And finally, Rule 40 governs permissive joinder and reads as follows:

> (a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

> (b) Separate Trials. The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice.

TEX. R. CIV. P. 40; *see In re Doe*, 704 S.W.3d 538, 542 (Tex. 2024) (orig. proceeding). The plaintiff has the burden of establishing proof of each joinder element. *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 602–03 (Tex. 1999); *Smith v. Adair*, 96 S.W.3d 700, 705 (Tex. App.—Texarkana 2003, pet. denied).

13

## C.      Discussion

Relators assert that granting Bolivar's motion for leave at this late stage of the case is a clear abuse of discretion. In contrast, Bolivar contends that relators' argument that his motion for leave was untimely "has no basis in law or fact." Bolivar asserts that the trial court vacated the trial setting, a separate party had indicated it might need more time to prepare for trial, and the presence of many unresolved and pending motions indicates that his motion was timely filed. In this regard, Bolivar further asserts that the "fraudulent actions of the third[-]party defendants have continued to [accrue]." He further contends that they are indispensable parties because they were participatory actors in a "criminal and fraudulent scheme."

We begin by addressing Bolivar's claims and the trial court's conclusion that these parties are indispensable. Bolivar alleges that the designated individuals are personally liable to him for tortious acts. Under established law, they are not indispensable parties. *See Swafford v. Holman*, 446 S.W.2d 75, 77 (Tex. App.—Dallas 1969, writ ref'd n.r.e.) (concluding that if a plaintiff can proceed against any one defendant separately, the other defendants are not indispensable parties).

We turn our attention to the timing of Bolivar's motion. This lawsuit has been pending since September 20, 2021. The trial of the case was set for June 20, 2022; December 5, 2022; March 27, 2023; August 28, 2023; September 29, 2023; March 25, 2024; September 3, 2024; November 18, 2024; December 16, 2024; April 21, 2025; May 12, 2025; June 2, 2025; and March 23, 2026. Bolivar filed his motion for leave on November 17, 2025, and the trial court vacated the March 23, 2026 trial date in connection with granting Bolivar's motion. It is self-evident that the trial court's ruling delayed the trial

14

of the case. *See* TEX. R. CIV. P. 37; *Jones*, 157 S.W.3d at 523. Further, bearing in mind the history and circumstances of the lawsuit, the delay was not reasonable. *See In re State Line Fireworks, Inc.*, 387 S.W.3d at 31; *In re Martin*, 147 S.W.3d at 457; *In re Arthur Andersen LLP*, 121 S.W.3d at 483. Accordingly, we sustain the sole issue presented in this original proceeding.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, Bolivar's response, and the applicable law, is of the opinion that relators have met their burden to obtain mandamus relief. Accordingly, we conditionally grant the petition for writ of mandamus, and we direct the trial court to vacate its January 7, 2026 order granting Bolivar's motion for leave. Our writ will issue only if the trial court fails to act promptly in accordance with this memorandum opinion.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
23rd day of April, 2026.

15